Barnard, P. J.
The facts of this case are very peculiar. In 1863, the legislature incorporated a corporation, under, the name of “ Empire Hook and Ladder Company, No. 1, of Upper Nyack.” At this time there was no incorporation of any district- known as Upper Nyack, but. *511 there was a collection of houses north of the village of Nyack, which was incorporated. This Upper Nyack charter for a hook and ladder company was doubtless designed to furnish local security to this unincorporated collection of houses at Upper Nyack, but the title to the lot and buildings was in the village of Upper Nyack, which was incorporated in 1872, and the company in question was a part of the fire department of the village of Nyack, so far as to participate in the election of a chief engineer and to be placed in a fire district, of which Nyack proper was a part, and also South Nyack.
In October, 1885, the building occupied by the} Upper Nyack company burned down, and the truck and property of the corporation with it. The regular meetings were held in the truck house, but after the fire a majority of the-company met at a public hotel in Nyack, and elected officers, and the plaintiffs represent this organization. A minority of the members met in Upper Nyack, elected officers, and the members of this minority organization are named as defendants.
The question is which is the organization. The two organizations have each sued the insurance company for the amount of an insurance, which was upon the buildings and property as follows: Four hundred dollars on buildings; $275 on truck; seventy-five on the furniture. The upper village owned the lot on which the truck house stood. And the truck was bought by subscriptions of residents of Upper Nyack and the petitioners who procured, the incorporation of the hook and ladder company were all residents of Upper Nyack. Under the evidence the company is a local one and to be viewed as a portion of the municipal government of Upper Nyack and not a mere corporation owning property, with more or less power to transfer its property and affairs at their will. The proof shows clearly that the majority intended to remove to-either Nyack or Lower Nyack and take the money in question with them, although this is not found as a fact in the case. As I view the case, the meeting to elect the officers outside the upper village was unauthorized, even if done upon notice, as to which there is some doubt. Under the clearest rule of equity the insurance on the buildings should go to Upper Nyack village and the property got by the money of the residents for home protection should not be applied elsewhere. The election in Upper Nyack was, therefore, the regular one and the money should go to the organization, which were then and there chosen.
Judgment reversed, with new trial granted. Costs to abide event.
Pratt, J., concurs.